885 F.2d 872
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Milton WALKER; Delores Walker, Plaintiffs-Appellants,
v.
GAF CORPORATION; Asbestos Corporation, Ltd.; Nicolet,
Inc.; Carey Canada, Inc; Turner & Newall, PLC; the
Flintkote Company; National Gypsum Company; National
Asbestos Mines, Ltd.; Lake Asbestos; Union Carbide
Corporation; Vermont Asbestos Group; Huxley Development
Corporation; Celotex Corporation, Defendants-Appellees.
 No. 88-3380.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1989.
 
 Before MERRITT and BOYCE F. MARTIN, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 BOYCE F. MARTIN, JR., Circuit Judge.
 
 
 1
 Milton and Delores Walker appeal from a final judgment of the district court entered on April 11, 1988. For the reasons stated below, we reverse the district court's grant of summary judgment as to the intentional tort claim against defendant Celotex Corporation. The judgment of the district court in favor of the remaining defendants is affirmed.
 
 
 2
 On August 13, 1986, Milton and Delores Walker filed this personal injury action against defendants Carey Canada, Inc., Asbestos Corporation, Ltd., GAF Corporation and the Celotex Corporation. The Walkers alleged that Milton Walker had developed asbestosis as a result of his exposure to asbestos while employed by Celotex at its Lockland, Ohio facility. The Walkers brought claims against defendants for negligence and strict product liability. In addition to these claims, the Walkers also brought an intentional tort claim against Celotex.
 
 
 3
 Asbestos Corporation moved to strike the Walkers' demand for a jury trial on the grounds that it was an instrumentality of a foreign state. Under 28 U.S.C. Sec. 1330, foreign states are not subject to jury trials in federal district court. Because the stock of Asbestos Corporation is owned by a Canadian Crown Corporation, it qualifies as a "foreign state" as defined by 28 U.S.C. Sec. 1603, and the district court therefore granted Asbestos Corporation's motion.
 
 
 4
 The case proceeded to trial in September 1987. The court acted as trier of fact for the claims against Asbestos Corporation. A jury fulfilled the same responsibility for the claims against the remaining defendants. Prior to charging the jury, the court decided to ask the jury for a general verdict rather than to ask the jury for answers to special interrogatories. On September 15, 1987, the jury returned a unanimous general verdict in favor of defendants on the issues of negligence and strict liability.
 
 
 5
 On September 29, 1987, the court entered judgment in favor of Asbestos Corporation. The court, as finder of fact, specifically found that Milton Walker "did not contract asbestosis or any asbestos related disease as a result of his employment at the Celotex plant." In the absence of proof of such an injury, the court held that Asbestos Corporation was free of liability.
 
 
 6
 The district court severed the intentional tort claim against Celotex from the Walker's other claims on September 22, 1986. Following the disposition of the claims against the other defendants at trial, the court granted summary judgment in favor of Celotex on April 8, 1988. This appeal followed.
 
 
 7
 On appeal, the Walkers make two main arguments. First, they argue that the district court erred in denying them a jury trial on their intentional tort claim against Celotex and in granting summary judgment to Celotex. In its order severing claims against Celotex from those against the other defendants, the district court retroactively applied Ohio Rev.Code Sec. 4121.80, which became effective after this action was filed. The Walkers assert that, under Pratt v. National Distillers & Chemical Corp., 853 F.2d 1329 (6th Cir.1988), the district court erred in depriving them of a jury trial based on an improper retroactive application of Sec. 4121.80.
 
 
 8
 In Pratt, this court held that Ohio Rev.Code Sec. 4121.80 could not be applied retroactively to deny plaintiff a jury trial for the determination of damages in her intentional tort action against her late husband's employer. It is undisputed that, in this case, the Walker's claim was filed prior to the effective date of Sec. 4121.80, and therefore Sec. 4121.80 cannot be applied retroactively so as to deny the Walkers a jury trial on their intentional tort claim against Milton Walker's employer, the Celotex Corporation.
 
 
 9
 We also believe the district court erred in granting summary judgment to Celotex on a collateral estoppel theory. In granting summary judgment, the district court cited findings of fact[1] made in the previous adjudication of the negligence liability and the strict product liability of Carey Canada, Asbestos Corporation and GAF Corporation as precluding a judgment in favor of the Walkers under the doctrine of collateral estoppel. We believe the district court improperly granted summary judgment on the basis of collateral estoppel because Walker's bald claim that Celotex, his former employer, committed an intentional tort does not necessarily raise the precise issue of whether or not Walker suffers from asbestosis, which was the issue raised and actually litigated in the prior proceeding against Carey Canada, Asbestos Corporation and GAF Corporation. Ohio Rev.Code Sec. 4121.80 permits an employee to bring a cause of action against an employer for any "injury" resulting from the employer's intentional tort. Thus, the district court's previous finding that Walker does not suffer from asbestosis or any asbestos related disease cannot, on a collateral estoppel theory, bar Walker from attempting to establish that he was injured by Celotex's allegedly knowledgeable exposure of him to hazardous asbestos products and by Celotex's failure to correct allegedly dangerous conditions in its Lockland facility. Because the precise issue raised by Walkers' intentional tort claim--whether he was injured by Celotex's commission of an intentional tort--was not raised and was not fully and fairly litigated in the prior proceeding against Carey Canada, Asbestos Corporation and GAF Corporation, the district court erred in granting summary judgment to Celotex under the doctrine of collateral estoppel. See Detroit Police Officers Association v. Young, 824 F.2d 512, 515 (6th Cir.1987). We accordingly reverse the grant of summary judgment to Celotex and remand the Walkers' intentional tort claim against Celotex.
 
 
 10
 The Walkers additionally argue that, because the district court erred in excluding the testimony of one witness, Dr. Thomas Mancuso, the judgments entered in favor of Carey Canada, Inc., GAF Corporation and Asbestos Corporation, Ltd. should also be vacated and remanded for retrial. We disagree with this contention.
 
 
 11
 A reviewing court will not overturn an evidentiary ruling of a trial court, such as a ruling to exclude evidence, absent an abuse of discretion by the trial court. See, e.g., United States v. Rios, 842 F.2d 868, 872 (6th Cir.1988), cert. denied, 109 S.Ct. 840 (1989); Conklin v. Lovely, 834 F.2d 543, 551 (6th Cir.1987). An evidentiary ruling of a trial court would constitute an abuse of discretion if it were an unreasonable and unsound ruling made without proper consideration of the facts and the law pertaining to the matter before the court.
 
 
 12
 We believe that, on the facts of this case, the Walkers failed to show the trial court's exclusion of Mancuso's testimony to constitute an abuse of discretion. Mancuso worked as an occupational health consultant to Celotex's predecessor, the Philip Carey Manufacturing Company, during 1962 and 1963; his testimony would have included his observations, evaluations and recommendations concerning the conditions at Celotex's facilities in 1962 and 1963 and would allegedly have shown that Carey Canada, GAF, and Asbestos Corporation had notice of the dangers presented by the working conditions at Celotex's facilities. Mancuso's excluded testimony, however, actually consisted of testimony given at a prior trial in which the issue of liability was confined to the period between 1950 and 1970. Here, Milton Walker did not even begin his employment with Celotex until 1972, and numerous safety measures were implemented at Celotex's Lockland facility between 1963 and 1972 and during Walker's employment after 1972. Moreover, a portion of Mancuso's evidence not admitted by the district court concerned facilities and operations of Philip Carey other than the Lockland facility at issue in this case. Given these facts, we believe that the district court did not commit an abuse of discretion in excluding Mancuso's testimony as being irrelevant or lacking in probative value. Because the district court did not abuse its discretion in its evidentiary rulings, the judgments in favor of Carey Canada, GAF Corporation and Asbestos Corporation will not be vacated on this ground.
 
 
 13
 We also decline to vacate the judgment in favor of Asbestos Corporation entered by the district court following the bench trial in September 1987.[2] In its order granting judgment in favor of Asbestos Corporation, the district court stated the jury's conclusions as to Asbestos Corporation were "advisory only" and then submitted its own findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 52. The district court specifically found that Walker "did not contract asbestosis or any asbestos related disease as a result of his employment at the Celotex plant." In the absence of proof of an asbestos related injury, the court found Asbestos Corporation to be free from liability.
 
 
 14
 In any case tried to the court, the district court's findings of fact will be set aside by a reviewing court only if they are clearly erroneous. Fed.R.Civ.P. 52(a); Pembaur v. City of Cincinnati, 746 F.2d 337, 339 (6th Cir.1984), rev'd on other grounds, 475 U.S. 469 (1986). As stated in United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948), a finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Viewing the record in this case as a whole, we must affirm the judgment in favor of Asbestos Corporation because the district court's finding that Walker did not contract asbestosis as a result of his employment cannot be regarded as clearly erroneous. Dr. Murray Gilman and Dr. Richard Smith, two board certified physicians in internal and pulmonary medicine, both concluded that Walker did not suffer from asbestosis. Similarly, Dr. Jerome Wiot, a board certified radiologist and B-reader[3], testified that no x-ray evidence supported a finding of asbestos related disease for Walker. Although Walker did present some medical evidence indicating that he suffered from asbestosis, we will not set aside the district court's specific finding to the contrary merely because there is conflicting testimony on the record. Godley v. Kentucky Resources Corp., 640 F.2d 831, 834 (6th Cir.1981). Because Walker failed to show the district court's finding that he did not contract asbestosis as a result of his employment to be clearly erroneous, the district court's judgment in favor of Asbestos Corporation must be affirmed.
 
 
 15
 Based on the foregoing reasons, we reverse the district court's judgment in favor of Celotex Corporation and remand the Walker's intentional tort claim against Celotex. We affirm the judgments of the district court in favor of Carey Canada, Inc., Asbestos Corporation, Ltd. and GAF Corporation in their entirety.
 
 
 16
 It is so ordered.
 
 
 
 [1]
 Specifically, the district court relied on the earlier determination of the jury, which the district court deemed to be advisory, that Walker did not suffer from asbestosis or any asbestos related disease resulting from his employment at Celotex
 
 
 [2]
 The Walkers apparently do not challenge the district court's ruling that they were not entitled to a jury trial against Asbestos Corporation because the corporation is an instrumentality of a foreign state
 
 
 [3]
 A B-reader is a specialist in reading x-rays for dust induced lung disease